NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GEROME Q. LANG, *Appellant.*

No. 1 CA-CR 17-0358
FILED 3-15-2018

Appeal from the Superior Court in Maricopa County
No.  CR2016-106599-001
The Honorable Lauren R. Guyton, Judge *Pro Tempore*

**CONVICTIONS AND SENTENCES AFFIRMED;
RESTITUTION REDUCED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Edward F. McGee
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Chief Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Kenton D. Jones and Judge James B. Morse Jr. joined.

---

**T H U M M A**, Chief Judge:

**¶1** After a jury trial, and a showing of his substantial criminal history, Gerome Q. Lang was sentenced to concurrent prison terms, the longest of which was 10.5 years, for five non-dangerous but repetitive offenses: (1) one count of trafficking in stolen property in the second degree, a Class 3 felony; (2) three counts of organized retail theft (committed on three different dates), Class 4 felonies and (3) one count of fraudulent schemes and artifices, a Class 2 felony. Lang was given 468 days of presentence incarceration credit and, based on a restitution ledger, ordered to pay victim Lowe's Home Improvement $3,693 in restitution for the fraudulent schemes and artifices conviction. This court has jurisdiction over Lang's timely appeal, challenging the restitution award, pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(2018).

**¶2** Lang argues the $3,693 restitution award was error, because the "full amount of the economic loss" for restitution totaled $2,127.03. *See* A.R.S. § 13-603(C)(2018). Recognizing he did not object in superior court, Lang argues the restitution imposed was fundamental error resulting in prejudice. *See State v. James*, 231 Ariz. 490, 493 ¶ 11 (2013) (noting that, when no timely objection is made, "the review on appeal is for fundamental error," meaning the defendant "bears the burden to establish that (1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice.") (citations and internal punctuation omitted).

**¶3** The State confesses error, noting that when a defendant shows on the appellate record that the restitution ordered exceeds a lawful award, the error is fundamental resulting in prejudice and the appellate court may reduce the award to a lawful amount. The State also notes that, on appeal, Lang detailed the total losses attributable to him at $2,127.03 and the State "agrees with Lang's calculations." Accordingly, the State "agrees that this Court should order that Lang's restitution be reduced to $2,127.03."

**¶4**          This court accepts the State's confession of error, and reduces the restitution award from $3,693 to $2,127.03. In all other respects, Lang's convictions and sentences (including resulting consequences) are affirmed.

